IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 4:10CR3111 |
| v. | ) | |
| LUIS A. CRUZ, | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

Pending before me is the defendant's motion for a determination of competency. Pursuant to an order entered on March 23, 2011, defendant was examined by a forensic psychologist at the Federal Detention Center in Seattle, Washington. The report authored by Cynthia A. Low, Ph.D. and dated May 27, 2011, states:

> Mr. Cruz demonstrated a questionable ability to understand the nature and consequences of the court proceedings against him, and a limited ability to properly assist counsel in his defense. From the available information, there is evidence to indicate that the defendant suffers from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him, and substantially impair his ability to assist counsel in his defense. This is based on his diagnosis of Borderline Intellectual Functioning. Although Mr. Cruz was able to learn and retain some concepts, he struggled in learning others. It is therefore recommended he undergo formal competency restoration procedures at a Federal Medical Center to determine if he is able to learn and retain legal concepts. Competency restoration would largely focus on an educational approach utilizing mock trials. If concepts are presented repetitively in a basic, simplistic fashion, Mr. Cruz may be able to gain a basic understanding of legal terms and court proceedings, and apply them to his own case. He should also be continually encouraged to voice his lack of comprehension when needed.

Filing No. 38, p. 14.

Based on the report, and the court's examination of the defendant, the court concluded the defendant lacked the current ability to understand the nature and consequences of the court proceedings brought against him, and to properly assist counsel in his defense. The defendant was committed to the custody of the Attorney General for hospitalization and treatment, not to exceed

four months, to determine if there is a substantial probability he will obtain the capacity, in the foreseeable future, to permit the trial to proceed. Filing No. 39.

The defendant was committed to the U.S. Medial Center for Federal Prisoners in Springfield, Missouri for further treatment and evaluation. The Springfield examiners questioned Dr. Low's conclusions, stating a "more nuanced" explanation of defendant's test results better explains his abilities and deficits. Ultimately they determined:

> Mr. Cruz has no mental disease or defect that precludes his competency to stand trial; therefore, his prognosis is good. He does have some difficulty with comprehending written or verbal information, but this barrier is certainly not insurmountable. Mr. Cruz would benefit from having extra time to review any written information with his lawyer, and he will likely need frequent breaks during court proceedings to discuss the implications of the proceedings with his lawyer. Similarly, Mr. Cruz sometimes has difficulty expressing his ideas or opinions verbally, but is able to do so with sufficient time and patience from the other party.

Filing No. 41, p. 10.

Upon defendant's return from the U.S. Medical Center in Springfield, the defendant was questioned by the undersigned in open court. The defendant was able to answer some questions regarding the charges and the nature of the proceedings against him; but about half way through, stated he was unable to answer or could not understand the court's questions. The undersigned responded by thoroughly explaining the court processes, including the role of the government's counsel, defense counsel, witnesses, and the jury, and providing a visual explanation of where these trial participants would be located during defendant's trial. (Filing No. 54).

Defense counsel orally moved for appointment of a competency expert to be funded under the Criminal Justice Act. (Filing No. 59). The court conducted an additional hearing to examine the defendant today. In response to the court's questions, the defendant was able to explain the role of the jury, witnesses, and his counsel, and stated he was able to provide information to his counsel for defense of the case. Other than stating he was confused by the "math" his attorney was trying to

explain, the defendant answered all the questions correctly. The defendant stated he had not spoken to his counsel since the last hearing. Defense counsel did not refute this statement. (Filing No. 61).

Therefore, I conclude the defendant was able to retain the information imparted by the federal medical center and recall the additional instruction provided by this court two months earlier, sufficiently understands the nature of these proceedings, and is capable of assisting his counsel in his representation. The defendant is competent to stand trial.

Accordingly,

IT IS ORDERED:

1) Regarding the defendant's motion to determine competency, (filing no. 27), the court finds the defendant is now competent to be tried.

2) The defendant's motion for authority to use CJA funds to obtain an additional mental competency evaluation, (filing no. 59), is denied.

3) The trial of this case is set to commence before the Honorable Richard G. Kopf at 9:00 a.m. on August 6, 2012, or as soon thereafter as the case may be called, for a duration of four (4) trial days. Jury selection will be held at commencement of trial.

4) The Court further finds that the ends of justice will be served by setting the trial on August 6, 2012 because counsel for the parties now need to prepare for trial or explore plea options. Accordingly, the time between today's date and August 6, 2012 shall be excluded for speedy trial calculation purposes. 18 U.S.C. § 3161(h)(7)(A).

5) A status conference will be held on July 10, 2012 at 11:00 a.m. before the undersigned magistrate judge to apprise the court of whether this case will be tried. Counsel for the government, defense counsel, and the deendant shall be present at the hearing.

June 15, 2012.                        BY THE COURT:

                                                  *s/ Cheryl R. Zwart*
                                          United States Magistrate Judge